## RHODE ISLAND DEPOSITORS' ECONOMIC PROTECTION CORPORATION

v.

## INSURANCE PREMIUM FINANCING, INC., et al.

### No. 96–614–Appeal.

Supreme Court of Rhode Island.

Dec. 5, 1997.

Robert Fine, Steven M. Richard, Providence.

James A. Bigos, Scott Partington, Pawtucket.

### ORDER

This case came before the Supreme Court for oral argument pursuant to an order directing the defendant to appear and show cause why the issue raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining their memoranda we conclude cause has not been shown and the matter should be decided at this time. Insurance Premium Financing, Inc. and Ann Shannon (defendants) appeal from a Superior Court order entering summary judgment in favor of the plaintiff, Rhode Island Depositors' Economic Protection Corporation (DEPCO).

On July 11, 1987, defendants executed a promissory note and personal guaranty for $122,000 with the now-defunct Greater Providence Deposit Corporation (GPDC). After defendants allegedly defaulted on their respective obligations, DEPCO, as successor to GPDC, instituted suit on the promissory note. Shortly thereafter, on August 25, 1995, DEPCO filed a motion for summary judgment that was scheduled to be heard on October 31, 1995. Following a continuance, defendants propounded discovery requests to which DEPCO responded on April 19, 1996. After two more postponements requested by defendants, the summary judgment motion was again rescheduled, this time for August 13, 1996. At this hearing defendants' counsel requested yet another continuance, citing a problem with the attorney-client relationship that would force him to withdraw from the case. But when defendants' counsel failed to produce an affidavit or some other evidence showing a dispute as to a material issue of fact, the trial justice denied the request for a continuance and granted DEPCO's motion for summary judgment.

In their memoranda to this court defendants contend that the motion justice erroneously denied their request for a continuance pursuant to Rule 56(f) of the Superior Court Rules of Civil Procedure, although at oral argument defense counsel candidly admitted that he is unaware of any valid defense to the underlying claim. While counsel should be commended for his candor, we must agree with his assessment of the situation.

Rule 56(f) provides:

"Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

This rule clearly mandates that the party opposing the motion for summary judgment file affidavits stating why he or she cannot present facts in opposition to the motion. Regardless of the reasons surrounding the previous continuances, defendants' counsel admits "full responsibility" for failing to respond from April 19, 1996, when DEPCO produced its response to discovery, to the time of the hearing on August 13, 1996. We note that this hearing was held nearly one year after DEPCO filed its complaint and nearly four months after DEPCO complied with its discovery obligations. We believe the trial justice afforded the defendants ample time to present material facts in order to justify their opposition to DEPCO's motion for summary judgment. *See Rhode Island Depositors' Economic Protection Corp. v. DiLorenzo,* 683 A.2d 370, 371 (R.I.1996).

For the foregoing reasons the defendants' appeal is denied and dismissed and the pa-

pers in this case are remanded to the Superior Court.