**Robert D. McADAM et al.**

v.

**Walter C. GRZELCZYK et al.**

No. 2005–301–Appeal.

Supreme Court of Rhode Island.

Dec. 14, 2006.

Ronald J. Resmini, Esq., Providence, for Plaintiff.

Gary T. Mena, Esq., for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

Chief Justice WILLIAMS, for the Court.

The plaintiff, Robert D. McAdam (plaintiff),[1] appeals from the Superior Court's grant of summary judgment in favor of the defendants, Walter C. Grzelczyk and Travelers Rental Co., Inc. (Travelers) (collectively defendants), in this personal injury action. Summary judgment was granted because the statute of limitations barred the plaintiff's action. This case came before the Supreme Court for oral argument on November 1, 2006, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that this appeal may be decided at this time, without further briefing or argument. For the reasons set forth below, we affirm the Superior Court's ruling.

## I

### Facts and Travel

On February 9, 2000, plaintiff was involved in an automobile accident in Warwick with a vehicle owned by and registered to Travelers and operated by Grzelczyk. After the accident, the lawyer representing plaintiff in connection with the accident engaged in discussions with Wausau Insurance Companies (Wausau),[2] Travelers's insurer, regarding personal injuries plaintiff allegedly suffered as a result of the collision. During these discussions, plaintiff's then counsel informed Wausau's adjustor, Keith Allen, by letter dated February 11, 2002, as follows:

"We are now [ten] months since I sent you a demand to settle this case. As of yet, I have not had a counter-offer to my demand. Please provide same within [thirty] days. If I do not hear from you regarding a counter-offer, I will assume that you are not willing to make one and I will proceed forward with filing suit in this matter.

"It is this office[']s policy to initial [sic] a civil complaint at least [six] months prior to the running of the statute of limitations period. In that we are now within months of the statute, I must proceed forward. Hopefully we will be able to resolve this within the next month. Please contact me to discuss this."

In the months following this conversation, Allen never submitted a counteroffer.

In September 2002, plaintiff's claim file was transferred from Allen to Richard DiNicola, a technical claims specialist at

---

**1.** Although plaintiffs in the Superior Court action were Robert D. McAdam, his wife, Donna McAdam, and his two minor children, Aaron McAdam and Eric McAdam, Robert D. McAdam is the only party who has appealed.

**2.** The plaintiff's amended complaint included a count against Wausau for misrepresentation. However, on April 12, 2004, the parties stipulated to dismiss plaintiff's action against Wausau.

Wausau. DiNicola's internal file notes, dated October 31, 2002, indicated that DiNicola reviewed the matter and believed Grzelczyk was clearly liable. After this assessment, DiNicola requested from plaintiff's counsel Magnetic Resonance Imaging (MRI) films relative to both plaintiff's preexisting back condition and his accident-related injury. Although films concerning plaintiff's preexisting condition could not be located, DiNicola's notes reflected that plaintiff's counsel agreed to forward the films regarding plaintiff's injury from the accident as soon as possible. DiNicola's notes also reflected that both parties were open-minded about alternative dispute resolution if they could not agree on damages.

An affidavit filed by the secretary to plaintiff's counsel explained that on December 9, 2002, DiNicola informed her that he had received the MRI films and would contact plaintiff's counsel in three to four weeks with a settlement offer. She also said that she called DiNicola several weeks later to follow up on his evaluation, but only reached his voice mail where she left messages.

The statute of limitations on plaintiff's claim expired on February 9, 2003, without plaintiff having filed a complaint. Upon realizing that the statute of limitations had expired more than a month before, plaintiff's counsel phoned DiNicola on March 19, 2003. DiNicola's notes from that conversation reflected plaintiff's counsel's concern that his claim was time-barred. While speaking with DiNicola, plaintiff's counsel substantially lowered his settlement proposal from $450,000 to $175,000.

Finally, on April 7, 2003, plaintiff commenced this negligence action, seeking compensation for his personal injury,[1] including damages for pain and suffering, medical expenses, and lost wages. The plaintiff's wife and two minor children also were parties to the suit to recover for their loss of consortium. The defendants immediately moved under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure to dismiss the adult plaintiffs' claims on the ground that their actions were barred by the statute of limitations. Before a hearing was held on defendants' motion, defendants also moved to dismiss the minor children's claims on the same grounds. After a hearing on both motions, the Superior Court denied defendants' motion to dismiss, ruling that it would be improper to dismiss a claim when a claimant had reason to believe a settlement was forthcoming and relied on that belief when opting against litigation.[3]

■ Unsatisfied with this ruling, defendants moved for summary judgment on similar grounds. The plaintiff's counsel again argued that defendants had led him to believe that the matter would be settled without his needing to file a lawsuit. After a hearing on defendants' motion, the Superior Court granted summary judgment, noting that ceasing negotiations is not equivalent to lulling the party into believing a case will be settled. On July 18, 2005, plaintiff filed a premature notice of appeal.[4] An order granting summary judgment was entered on July 20, 2005, and final judgment was entered on August 1, 2005.

---

**3.** The record reflects there was some confusion over whether the denial of defendants' motion to dismiss was with prejudice, but both parties informed the hearing justice that it was their understanding, after seeking the court's clarification, that the matter was not dismissed with prejudice.

**4.** Because final judgment was, in fact, entered, plaintiff's premature appeal was valid. *See Dovenmuehle Mortgage, Inc. v. Antonelli,* 790 A.2d 1113, 1114 n. 1 (R.I.2002).

## II

## Analysis

On appeal, plaintiff argues, once again, that Wausau's insurance adjustor lulled plaintiff into missing the statute of limitations deadline. The plaintiff prays that defendants be equitably estopped from asserting the statute of limitations because he was led to believe that the matter would be settled without the necessity of filing a lawsuit. The defendants argue that there is no evidence that Wausau ever lulled plaintiff into believing a settlement was imminent. Moreover, defendants insist that no settlement offer was contemplated, let alone communicated to plaintiff.

The plaintiff also contends on appeal that, under the doctrine of spoliation of evidence, an adverse inference should be drawn with respect to particular notations made in Wausau's internal company notes. Pointing to portions of DiNicola's notes that were "blackened out," plaintiff argues that a negative inference should be drawn against defendants. The defendants dismiss plaintiff's spoliation argument, noting that the "blacked out" portions were redactions made during the discovery process to protect privileged matters.

## A

### Standard of Review

■ "This Court reviews the granting of summary judgment *de novo* and applies the same standards as the motion justice." *Andreoni v. Ainsworth*, 898 A.2d 1240, 1241 (R.I.2006) (quoting *DeCamp v. Dollar Tree Stores, Inc.*, 875 A.2d 13, 20 (R.I. 2005)). We will sustain the trial justice's decision to grant summary judgment if, viewing the evidence in the light most favorable to the nonmoving party, no genuine issue of material fact is evident from "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," and the moving party is entitled to prevail as a matter of law. Super. R. Civ. P. 56(c); *Andreoni*, 898 A.2d at 1241. Thus, a party opposing a summary judgment motion has an affirmative duty to submit evidence that demonstrates a genuine issue of material fact. *Konar v. PFL Life Insurance Co.*, 840 A.2d 1115, 1117 (R.I.2004).

## B

### Equitable Estoppel

■ Pursuant to G.L.1956 § 9-1-14, personal-injury claims, as well as claims for loss of consortium arising therefrom, are subject to a three-year statute of limitations. Thus, February 9, 2003, marked the expiration of the statute of limitations for personal injury claims arising from the instant February 9, 2000 automobile collision. We adhere to statutes of limitations based on our recognition that "[s]tatutes of limitation[s] promote certainty and finality and avoid stale claims * * *." *Roe v. Gelineau*, 794 A.2d 476, 485 (R.I.2002). However, we also have recognized that in exceptional circumstances, settlement negotiations can estop a party from invoking the statute of limitations if accompanied "by certain statements or conduct calculated to lull the claimant into a reasonable belief that his claim will be settled without a suit." *Gagner v. Strekouras*, 423 A.2d 1168, 1169 (R.I.1980) (citing *Greater Providence Trust Co. v. Nationwide Mutual Fire Insurance Co.*, 116 R.I. 268, 272, 355 A.2d 718, 720 (1976)). Nevertheless, we have explained that "[m]ere negotiations between [an] insurer and a claimant cannot alone justify the application of estoppel. If so, settlement negotiations would be frustrated and impeded." *Greater Providence Trust Co.*, 116 R.I. at 272, 355 A.2d at 720. Rather, this Court has said that there are two scenarios in which estoppel

can arise: "(1) the insurer, by his actions or communications, has assured the claimant that a settlement would be reached, thereby inducing a late filing, or (2) the insurer has intentionally continued and prolonged the negotiations in order to cause the claimant to let the limitation pass without commencing suit." *Gagner*, 423 A.2d at 1170 (citing *Greater Providence Trust Co.*, 116 R.I. at 273, 355 A.2d at 720).

When deciding whether a claimant has been lulled into believing that filing suit is unnecessary, courts must look for any evidence that would support a reasonable belief that the matter would be settled. *Gagner*, 423 A.2d at 1170. We have emphasized that "[t]here must be a showing of an express representation or other affirmative conduct which amounts to a representation that could reasonably deceive another and induce a reliance that would work to the disadvantage of the individual relying upon the representation." *Gross v. Glazier*, 495 A.2d 672, 674 (R.I.1985). An insurer's concession of liability is among the statements that could induce a claimant's reasonable belief that suit is unnecessary. *Gagner*, 423 A.2d at 1170.

The plaintiff in this case failed to sustain his burden of directing the motion justice's attention to any issue of material fact. Even viewing the evidence in the light most favorable to plaintiff, the record is devoid of any indication that Wausau induced plaintiff's late filing. The plaintiff failed to provide the motion justice with any evidence to support his contention that Wausau assured plaintiff or his counsel that a settlement would be reached. Indeed, plaintiff admits that Wausau never made a settlement offer. Although DiNicola's internal notes indicate that he believed Grzelczyk's liability was "clear," plaintiff has not provided any evidence that Wausau conceded liability to plaintiff. Additionally, any indication DiNicola made to plaintiff's counsel before viewing the MRIs about his willingness to use alternative dispute resolution does not lead us to a different conclusion. The plaintiff's counsel was abundantly aware of the applicable statute of limitations; and, as indicated in plaintiff's counsel's letter of February 11, 2002, he recognized that he would need to file suit if he did not receive an offer from Wausau. If any doubt remained about plaintiff's counsel's need to file suit, it undoubtedly vanished in January 2003 when Wausau declined to make any offer after viewing the MRIs.

Furthermore, plaintiff did not submit any evidence to support that Wausau intentionally prolonged negotiations to lull plaintiff into missing the statute of limitations deadline. DiNicola's failure to telephone plaintiff's counsel with an offer in January 2003, as promised, should have prompted plaintiff to file his complaint. Had plaintiff acted then, the statute of limitations on his claim would not have expired. This case is markedly different from those cases in which an insurer continues negotiations even after the statute of limitations runs, inducing a claimant's reasonable reliance on the assumption that the matter will be settled without the help of the courts. *Cf. Gagner*, 423 A.2d at 1170 (holding that there was a reasonable belief sufficient to estop the defendants from asserting the statute of limitations where evidence established that the plaintiff's attorney and the insurance adjustor began to negotiate a settlement prior to the expiration of the statute of limitations and continued negotiations after the statute of limitations had run). We cannot allow a would-be plaintiff to rely on the mere failure of an insurance company's employee to make a promised phone call

as the basis for believing that a matter will be settled without suit.

## C

### Spoliation of Evidence

In a final attempt to salvage what is left of his case, plaintiff seeks to have this Court draw a specific negative inference from redacted portions of DiNicola's notes.

■ In response to discovery requests, defendants provided plaintiff with Wausau's internal phone logs, including notations DiNicola made about the case. Although plaintiff never moved to compel more responsive answers under our discovery rules, plaintiff argues on appeal that Wausau destroyed evidence by redacting three lines of its phone log, which defendants and Wausau argue contains privileged information. According to plaintiff, the motion justice erred in declining to infer that the redacted lines included language that would cause plaintiff to reasonably believe settlement was forthcoming. The plaintiff contends that such an inference should have been enough for him to survive summary judgment.

■ "The doctrine of spoliation provides that 'the deliberate or negligent destruction of relevant evidence by a party to litigation may give rise to an inference that the destroyed evidence was unfavorable to that party.'" *Mead v. Papa Razzi Restaurant*, 840 A.2d 1103, 1108 (R.I.2004) (quoting *Tancrelle v. Friendly Ice Cream Corp.*, 756 A.2d 744, 748 (R.I.2000)).

Although in *Kurczy v. St. Joseph Veterans Association, Inc.*, 820 A.2d 929, 947 (R.I.2003), we upheld a spoliation instruction when a defendant failed to "preserve and produce responsive and relevant information during discovery," defendants aptly note that there is no evidence whatsoever that Wausau destroyed any documents in this matter. Rather, Wausau redacted three lines of a document produced during discovery by blackening the text as a means of asserting a privilege. Rule 26(b)(1) of the Superior Court Rules of Civil Procedure clearly specifies in pertinent part that "[p]arties may obtain discovery regarding any matter, *not privileged.*" (Emphasis added.) This is certainly not a case where defendants failed to "preserve and produce responsive and relevant information." *Kurczy,* 820 A.2d at 947. The proper means of challenging Wausau's redaction would have been to move to compel more responsive answers under Rule 37 of the Superior Court Rules of Civil Procedure. Certainly a negative inference does not arise every time that a privilege is asserted during the discovery process.

Finally, even if we were to accept the plaintiff's argument, we would have to draw an extraordinary inference from the fact that three lines of DiNicola's notes were redacted. For the plaintiff to have survived summary judgment, the motion justice would have had to conclude that the defendants lulled the plaintiff into believing the matter would be settled without any evidence of what the blackened lines concealed. We cannot justify such an inference.

### Conclusion

For the reasons set forth herein, the judgment of the Superior Court is affirmed. The record shall be remanded to the Superior Court.