Dennis P. HOLLEY et al.

v.

ARGONAUT HOLDINGS, INC., et al.

No. 2007–314–Appeal.

Supreme Court of Rhode Island.

April 20, 2009.

Thomas M. Bruzzese, Esq., Warwick, for Plaintiffs.

Joseph Baglini, Esq., Providence, for Defendants.

Present: GOLDBERG, Acting C.J., FLAHERTY, SUTTELL, ROBINSON, JJ., and WILLIAMS, C.J. (ret.).

## OPINION

Justice FLAHERTY, for the Court.

A slip on a surface slicked by soapy water, leading to litigation for a claimed back injury, has made its way to this Court. Dennis P. Holley and his wife, Brenda J. Holley (collectively plaintiffs), appeal from the Superior Court's grant of a motion for summary judgment in favor of the defendant, Argonaut Holdings, Inc. Our inquiry focuses primarily on the duty, if any, owed by a commercial landlord to an employee of its tenant. This case came before the Supreme Court for oral argument on March 4, 2009, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the parties' arguments and after considering the memoranda submitted by counsel, we are satisfied that cause has not been shown. Accordingly, we will decide the appeal at this time. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

### Facts and Travel

The plaintiff, Dennis P. Holley, was employed as an automobile salesman by Hurd Buick Chevrolet Geo, Inc. (Hurd Buick), a motor-vehicle dealership in Johnston. The defendant, Argonaut Holdings, Inc., is a Delaware corporation that is a wholly owned subsidiary of General Motors Corporation. On September 30, 1997, defendant entered into a commercial lease with a General Motors franchisee, Regine Pon-

tiac, Inc., for real property at 1669 Hartford Avenue in Johnston. Regine was located next to Hurd Buick. In May 2001, with defendant's consent, Regine assigned the lease to Hurd Pontiac GMC Truck, LLC (Hurd Pontiac) (an entity that was formed by the owner of Hurd Buick) to operate an automobile sales and service facility on the premises. An independent contractor, Frank's Superior Detailing, provided cleaning and detailing services in a portion of a garage on the premises before cars were delivered to purchasers.

On October 29, 2001, plaintiff entered the garage to check on the progress of a vehicle when he slipped on a liquid substance and twisted his back, although he did not fall to the ground. The plaintiff returned to work, but he did not report the incident to his employer until two days later. Subsequently, however, he was diagnosed with a herniated disc in his back, and in January 2002, he underwent surgery for his injury. He later filed a workers' compensation claim and received benefits from Hurd Buick's insurance carrier.

The plaintiffs filed suit on October 27, 2004, in the Washington County Superior Court against Argonaut Holdings, Inc., and Frank Sylvia d/b/a Frank's Superior Detailing, alleging that defendants' negligence was the proximate cause of the injuries Mr. Holley suffered and the subsequent loss of consortium suffered by Mrs. Holley, pursuant to G.L. 1956 § 9-1-41. The complaint alleged that defendants had a duty to "properly operate, manage, control and maintain the premises in a reasonably safe manner." Some two and a half years later, on April 20, 2007, Argonaut filed a motion for summary judgment. It argued that as a commercial landlord it did not owe a duty of care to plaintiffs, that the lease between it and Hurd Pontiac insulated it from any liability for plaintiffs'

injuries, and that even if a duty were to be found, plaintiffs had failed to advance any evidence to support their allegations of negligence by Argonaut. In a memorandum filed in opposition to defendant's motion for summary judgment, plaintiffs appeared to stray from their initial theory of liability as expressed in their complaint—that defendant had a duty to maintain the premises—and instead contended that it was irrelevant whether defendant had a duty to repair or maintain the premises because the injury was the result of defects in the design and construction of the dealership, both of which they said were controlled by defendant. The plaintiffs contended that the accumulation of water on the floor was evidence that defendant was negligent in designing or constructing the drainage system for that portion of the premises. During the hearing on defendant's summary judgment motion, plaintiffs requested that the motion justice grant a continuance pursuant to Rule 56(f) of the Superior Court Rules of Civil Procedure so that they could obtain additional discovery to support their alternative theory that defendant negligently designed the drainage system.

On June 18, 2007, the motion justice granted defendant's motion for summary judgment. He found that plaintiffs had failed to come forward with any evidence that would give rise to a genuine issue of fact relevant to defendant's negligence in designing the drainage system. With respect to the request for a continuance, the motion justice found that plaintiffs had not submitted an affidavit in opposition to the motion for summary judgment. Therefore, he denied their request.

The plaintiffs timely appealed, and they press two issues before this Court.[1] They argue that the motion justice improperly

---

1. We note that Frank's Superior Detailing is not a party to this appeal.

granted summary judgment because defendant owed plaintiffs a duty of care, and that a question of fact exists about whether defendant negligently breached that duty. The plaintiffs also submit that the motion justice erred when he denied their request for a continuance to obtain additional discovery.

## Standard of Review

"This Court reviews the granting of summary judgment *de novo* and applies the same standards as the motion justice." *Carrozza v. Voccola*, 962 A.2d 73, 76 (R.I. 2009) (quoting *McAdam v. Grzelczyk*, 911 A.2d 255, 259 (R.I.2006)). Summary judgment is appropriate when, after viewing the admissible evidence in the light most favorable to the nonmoving party, "no genuine issue of material fact is evident from 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' and the motion justice finds that the moving party is entitled to prevail as a matter of law." *Smiler v. Napolitano*, 911 A.2d 1035, 1038 (R.I.2006) (quoting Rule 56(c)). "Therefore, summary judgment should enter 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case * * *.'" *Lavoie v. North East Knitting, Inc.*, 918 A.2d 225, 228 (R.I.2007) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (construing the substantially similar federal rule)). "[C]omplete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* (quoting *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548).

## Analysis

To properly set forth "a claim for negligence, 'a plaintiff must establish a legally cognizable duty owed by a defendant to a plaintiff, a breach of that duty, proximate causation between the conduct and the resulting injury, and the actual loss or damage.'" *Willis v. Omar*, 954 A.2d 126, 129 (R.I.2008) (quoting *Mills v. State Sales, Inc.*, 824 A.2d 461, 467 (R.I. 2003)). Whether a defendant is under a legal duty in a given case is a question of law. *Martin v. Marciano*, 871 A.2d 911, 915 (R.I.2005) (citing *Volpe v. Gallagher*, 821 A.2d 699, 705 (R.I.2003)). It is well settled that "issues of negligence are ordinarily not susceptible of summary adjudication, but should be resolved by trial in the ordinary manner." *Gliottone v. Ethier*, 870 A.2d 1022, 1028 (R.I.2005) (quoting *Rogers v. Peabody Coal Co.*, 342 F.2d 749, 751 (6th Cir.1965)). However, in the absence of a duty, "the trier of fact has nothing to consider and a motion for summary judgment must be granted." *Banks v. Bowen's Landing Corp.*, 522 A.2d 1222, 1225 (R.I.1987). "Only when a party properly overcomes the duty hurdle in a negligence action is he or she entitled to a factual determination on each of the remaining elements: breach, causation, and damages." *Ouch v. Khea*, 963 A.2d 630, 633 (R.I.2009).

The plaintiffs' complaint alleged that defendant had a duty to maintain the premises. The plaintiffs contended that their injuries were a direct result of defendant's breach of this duty. However, under our well-settled law, a commercial landlord owes a duty of care to an invitee of its tenant only under the narrowest of circumstances. Therefore, such a landowner is not liable for injuries that the tenant's invitee suffers on the leased premises, "unless the injury results from the landlord's breach of a covenant to repair in the lease, or from a latent defect known to the landlord but not known to the tenant or guest, or because the landlord subsequently has assumed the duty to repair." *Lucier v. Impact Recreation, Ltd.*, 864

A.2d 635, 640 (R.I.2005) (citing *East Coast Collision & Restoration, Inc. v. Allyn,* 742 A.2d 273, 276 (R.I.1999); *Coppotelli v. Brewer Yacht Yard at Cowesett, Inc.,* 636 A.2d 1326, 1327 (R.I.1994); *Izen v. Winoker,* 589 A.2d 824, 828 (R.I.1991)).

■ Here, we conclude that plaintiffs have failed to demonstrate that any of the three exceptions to the rule apply. First, the lease did not contain a covenant to repair; indeed, it provided that the tenant bore the responsibility for the maintenance and repair of the premises.[2] Second, plaintiffs cannot proceed based on a contention that the alleged drainage problem on the premises constituted a latent defect. This Court has said that a latent defect is "a defect that is undiscoverable upon reasonable inspection." *Neri v. Nationwide Mutual Fire Insurance Co.,* 719 A.2d 1150, 1154 (R.I.1998). However, even assuming that the drainage system constituted a latent defect, plaintiffs offered no evidence in opposition to the motion for summary judgment that demonstrated that defendant was aware of this alleged defect. In their brief to this Court, plaintiffs contend that "this case concerns personal injury which occurred as a result of a defect, unknown to plaintiffs, in the drainage system." Therefore, plaintiffs argue that defendant owed them a duty and "is liable for those damages caused by hidden or latent defects on the premises, and also for the design and construction of the premises." While plaintiffs may attempt to circumvent the clear rule in *Lucier* by arguing that the injury was the result of a design defect and not a failure to maintain the premises as alleged in their complaint, however plaintiffs clothe their argument, they ultimately are contending that plaintiff was injured from a latent defect in the premises. In cases involving a latent defect, the plaintiff must prove that "sufficient evidence existed to show that the defendants knew or should have known of an unsafe condition on their premises." *Bromaghim v. Furney,* 808 A.2d 615, 617 (R.I.2002) (quoting *Massart v. Toys R Us, Inc.,* 708 A.2d 187, 189 (R.I.1998)). The plaintiffs failed to present any evidence that the accumulation of liquid in the garage was the result of a latent defect known by defendant but unknown to plaintiffs. Third, there is no evidence in the record establishing that defendant assumed a duty to repair.

■ We now address plaintiffs' argument that the motion justice erred when he denied their request for a continuance to allow them time to obtain additional discovery. Rule 56(f) provides:

"Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

This Court has held that a decision to grant a continuance pursuant to Rule 56(f) is discretionary. *Chevy Chase, F.S.B. v.*

---

**2.** Section 7.2 of the lease, entitled "Maintenance and Repair" provides in part:

"Tenant shall maintain the Premises (including all structural and non-structural portions thereof) in good repair and appearance * * *. Tenant shall take all action necessary or appropriate for the preservation and safety of the Premises. Tenant shall promptly make all Alterations or repairs of every kind and nature, whether foreseen or unforeseen * * *. Landlord shall not be required to make any Alteration, whether foreseen or unforeseen, or to maintain any of the Premises in any way * * *."

*Faria,* 733 A.2d 725, 727 (R.I.1999) (mem). Additionally, we have said that Rule 56(f) "clearly mandates that the party opposing the motion for summary judgment file affidavits stating why he or she cannot present facts in opposition to the motion." *Rhode Island Depositors' Economic Protection Corp. v. Insurance Premium Financing, Inc.,* 705 A.2d 990, 990 (R.I.1997) (mem.). We note that plaintiffs did not file an affidavit in opposition to the court's immediately passing upon defendant's motion for summary judgment. Furthermore, it is significant to us that defendant filed the summary judgment motion approximately two and a half years after the complaint, and nearly five and a half years from the date of the incident. Therefore, we believe that the motion justice was within the bounds of his considerable discretion when he denied plaintiffs' request for a continuance.

Finally, Mrs. Holley's claim for loss of consortium must fail because it wholly depends upon the success of the underlying tort claim brought by her husband. *See Olshansky v. Rehrig International,* 872 A.2d 282, 291 (R.I.2005).

### Conclusion

For the foregoing reasons, we affirm the judgment of the Superior Court, and the record in this case shall be remanded to that tribunal.