June 26, 2020

**Supreme Court**

No. 2019-181-Appeal.
(PC 15-3174)

John Vicente              :

v.                 :

Pinto's Auto & Truck Repair, LLC    :
   d/b/a Pinto's Truck Repair.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

John Vicente                    :

v.                              :

Pinto's Auto & Truck Repair, LLC     :
    d/b/a Pinto's Truck Repair.

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.**  The plaintiff, John Vicente (Vicente or plaintiff),

appeals from a judgment of the Superior Court in favor of the defendant, Pinto's Auto & Truck

Repair, LLC d/b/a Pinto's Truck Repair (Pinto's or defendant), in this action alleging that the

defendant's repairs to the plaintiff's 2004 Freightliner Columbia (Freightliner) were faulty.  This

case came before the Supreme Court by videoconferencing pursuant to an order directing the

parties to appear and show cause why the issues raised in this appeal should not be summarily

decided.  After considering the parties' written and oral submissions and reviewing the record, we

conclude that cause has not been shown and that this case may be decided without further briefing

or argument.  For the reasons set forth in this opinion, we affirm the judgment of the Superior

Court.

**I**

**Facts and Procedural History**

According to Vicente, he entered into a verbal agreement with defendant in January 2014

for the repair of his Freightliner.  The defendant ordered the parts needed for the repair from Tri

State Truck Center (Tri State), and Vicente paid Tri State directly for the parts.  After receiving

the parts, defendant completed the repair work on the Freightliner, including installing a new cylinder head. Vicente retrieved the Freightliner from defendant in September 2014, after the repairs had been completed. The plaintiff contended that, a few months later in December 2014, he "began to experience severe and substantial mechanical problems with the truck." The plaintiff had an engine teardown completed to determine the cause of the mechanical problems, which, according to plaintiff, showed that "the cylinder head cracked as a result of improper service and installation of [the] same and which, in turn, caused further and significant major engine damage." The plaintiff filed suit against defendant alleging negligence, breach of contract, and unjust enrichment—all stemming from defendant's alleged improper repair of the vehicle. The defendant filed an answer and counterclaim; however, the counterclaim is not relevant to the issues presented in this appeal.

Thereafter, defendant moved for a scheduling order to set a timeframe for the parties to disclose expert witnesses for trial. The plaintiff filed a limited objection to the scheduling order, but he did not object to producing an expert witness. By agreement of the parties, an order was entered giving plaintiff until June 14, 2017, to disclose his trial expert.

The plaintiff filed his expert disclosure designating Chris Pentedemos, the service director at Tri State, as his expert witness. According to the disclosure, plaintiff anticipated that Pentedemos would testify that "the engine damage was most likely the result of improper counterboring, made during the installation of the cylinder head, which resulted in a dropped liner and head gasket leak at the number six (6) liner near a coolant port." However, when defendant deposed Pentedemos, Pentedemos testified that (1) he was not a mechanic and thus could not testify regarding repairs, (2) he did not have knowledge of the work defendant completed on the

Freightliner, (3) he had not agreed to be an expert in the case, and (4) he had never been asked to serve as an expert witness in this case.

As a result of this deposition testimony, defendant moved to strike Pentedemos as an expert and for summary judgment, contending that, without an expert, plaintiff could not "establish the standard of care and breach thereof[.]" The plaintiff countered that the anticipated testimony of defendant's own expert was "speculative at best" and that expert testimony was not necessary to prove that defendant breached the agreement it made with plaintiff to repair the Freightliner.

At a hearing on defendant's motion for summary judgment on December 12, 2018, plaintiff stated his position that, notwithstanding the order requiring him to designate an expert witness, an expert witness was not required. The hearing justice ruled, however, that an expert was required for plaintiff to prove his case because it was "beyond the knowledge of the average lay person" to determine whether defendant negligently serviced and installed the truck's cylinder head, whether defendant negligently failed to observe the industry standard of due care in its service and repair of the truck, or whether defendant failed to deliver a properly serviced truck in September 2014. The plaintiff requested an additional thirty days to designate "a new expert[,]" which the hearing justice granted. She continued the matter until February 6, 2019, "to permit affidavits to be obtained or depositions to be taken, consistent with Rule 56(f)"; she stated, "My only requirement is that everything be filed, any additional memos, responsive pleadings, be filed by the 30th of January." The plaintiff filed an untimely amended expert disclosure on January 31, 2019, but he did not file any supporting affidavits or deposition transcripts in support of his claims.

At the February 6, 2019 hearing, the hearing justice granted defendant's motion for summary judgment because plaintiff did "not produce[] the required expert testimony to demonstrate that there [was] a genuine issue of material fact in dispute regarding Pinto's allegedly

- 3 -

negligent service and installation, negligent failure to observe industry standard, and failure to deliver a properly serviced truck in September of 2014." An order granting the summary judgment motion and judgment in favor of defendant entered on February 13, 2019. The plaintiff then filed a motion to reconsider, arguing that defendant's own expert disclosure was deficient, which motion was denied. The defendant dismissed its counterclaim, and an amended judgment entered in its favor. The plaintiff timely appealed.

## II

### Standard of Review

"It is well settled that this Court reviews the granting of a summary judgment motion on a *de novo* basis." *Malinou v. Miriam Hospital*, 24 A.3d 497, 508 (R.I. 2011) (quoting *Rhode Island Insurers' Insolvency Fund v. Leviton Manufacturing Co.*, 763 A.2d 590, 594 (R.I. 2000)). "We will affirm a summary judgment if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Id.* (brackets omitted) (quoting *Poulin v. Custom Craft, Inc.*, 996 A.2d 654, 658 (R.I. 2010)). "[S]ummary judgment should enter against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Holley v. Argonaut Holdings, Inc.*, 968 A.2d 271, 274 (R.I. 2009) (alteration omitted) (quoting *Lavoie v. North East Knitting, Inc.*, 918 A.2d 225, 228 (R.I. 2007)). The "[c]omplete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* (quoting *Lavoie*, 918 A.2d at 228).

"Further, a party opposing a motion for summary judgment has the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." *Malinou*, 24

A.3d at 508-09 (quoting *Poulin*, 996 A.2d at 658). Under Rule 56(e) of the Superior Court Rules of Civil Procedure, competent evidence may be presented in the form of an affidavit "made on personal knowledge * * * [that] set[s] forth such facts as would be admissible in evidence, and * * * show[s] affirmatively that the affiant is competent to testify to the matters stated therein."

## III

### Discussion

Before the Court, plaintiff contends that expert testimony is not always required in a case such as the one at bar and that there were genuine issues of material fact regarding his negligence claim.[1] He also contends, for the first time, that there are genuine issues of material fact concerning his breach-of-contract claim, specifically whether the transaction at issue was one for "goods" and would thus be covered under the Uniform Commercial Code. The defendant counters that "expert testimony must be presented when the matter is not clearly obvious to a lay person and lies beyond common knowledge." The defendant further argues that its own expert disclosure is irrelevant to its motion for summary judgment and, finally, that arguments plaintiff raises for the first time on appeal should not be considered.

In this case, plaintiff failed to provide evidence that defendant's repairs to plaintiff's Freightliner were completed in a faulty manner or otherwise caused additional damage to the vehicle; thus, he cannot prove essential elements of his claims. Each of plaintiff's claims required that he prove a causal link between defendant's conduct and plaintiff's damages. "[T]o establish

---

[1] Brazenly, plaintiff acknowledges in his supplemental statement that he is "guilty" of "[b]luffing about expert witnesses" and states that such practice is the norm in Rhode Island. Although the word "bluffing" may be open to some interpretation, we read it to involve, at a minimum, a lack of candor to the court and opposing counsel. We reject the proposition that it is a standard practice among Rhode Island attorneys and instruct our trial judges to root out such improper conduct whenever possible.

a negligence claim, a plaintiff must demonstrate a legally cognizable duty owed by a defendant to a plaintiff, a breach of that duty, proximate causation between the conduct and the resulting injury, and the actual loss or damage." *Oliver v. Narragansett Bay Insurance Company*, 205 A.3d 445, 450 (R.I. 2019) (quoting *Kemp v. PJC of Rhode Island, Inc.*, 184 A.3d 712, 717 (R.I. 2018)). With respect to his claim for breach of contract, "the plaintiff must prove both the existence and breach of a contract, and that the defendant's breach thereof caused the plaintiff's damages." *Fogarty v. Palumbo*, 163 A.3d 526, 541 (R.I. 2017). Here, plaintiff alleged in his complaint that "[d]efendant breached the contracted service and repair agreement when it *negligently* serviced and installed the truck's cylinder head and/or, otherwise, *failed to properly* service and repair [p]laintiff's vehicle to applicable mechanical *industry standards*." (Emphasis added.) So too is plaintiff's claim under the quasi-contractual theory of unjust enrichment constructed upon his allegation that defendant "failed to deliver a properly serviced, repaired and functioning truck to the [p]laintiff[.]"

The record shows that plaintiff agreed to the entry of an order requiring him to "disclose his trial expert(s) and their opinions in the manner and form set forth in Rule 26(b)(4)(A)" by June 14, 2017. [2] At a deposition on May 11, 2018, however, his designated expert witness asserted that

---

[2] Rule 26(b)(4)(A) of the Superior Court Rules of Civil Procedure states that:

> "A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. A party may depose any person who has been identified as an expert expected to testify when the expert interrogatory has been responded to by the other party. Unless otherwise ordered by the court, the party seeking to depose the expert shall pay the expert the reasonable fee for the time spent attending the deposition and the reasonable expenses incurred in attending the deposition. In the absence of agreement between the parties as to the timing of disclosures required under this

he had neither been asked to serve as an expert nor was he qualified to do so. Thereafter, plaintiff did not identify a new expert witness until ordered to do so on December 12, 2018. He then filed an untimely "amended expert disclosure[,]" but did not include any supporting documentation, as he had been instructed to do by the hearing justice.

As the hearing justice correctly articulated, "it was the responsibility of Mr. Vicente to present or point to competent, admissible evidence that demonstrated that there is a genuine issue of material fact in dispute regarding Pinto's allegedly negligent service and installation, negligent failure to observe industry standard, and failure to deliver a properly serviced truck[.]"

The hearing justice rejected plaintiff's contention that expert testimony was not required. We agree with the hearing justice. In "Plaintiff's Expert Disclosure Information[,]" plaintiff identified Pentedemos as his expert witness and represented that Pentedemos

> "avers that the subject vehicle's cracked cylinder head was most likely caused as a result of an improper counterbore during the installation of the cylinder head. The engine teardown confirmed compression in the cooling system and further revealed a heat gasket leak at the number six (6) liner near a coolant port."

It is our considered opinion that the hearing justice did not abuse her discretion in holding that "[d]etermining whether the [d]efendant had negligently serviced and installed the truck cylinder head, or whether the [d]efendant negligently failed to observe the industry standard of care in its service and repair of the [p]laintiff's truck, or whether the [d]efendant failed to deliver a properly serviced truck in September of 2014[,] were all matters that were beyond the knowledge of the average lay person."

---

> subdivision, any party may apply to the court for an order establishing a schedule of such interrogatories, responses, and depositions. Obligation to respond to interrogatories shall be stayed until the ruling on the application."

As we stated *supra*, the "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Holley*, 968 A.2d at 274 (quoting *Lavoie*, 918 A.2d at 228). Thus, we need not address plaintiff's contentions of disputed material facts. Furthermore, we decline to address plaintiff's argument that this transaction should be treated as one for goods and thus governed by the Uniform Commercial Code, because plaintiff has raised this argument for the first time on appeal before this Court. It is well established in our jurisprudence that "an issue that has not been raised and articulated previously at trial is not properly preserved for appellate review." *Cote v. Aiello*, 148 A.3d 537, 549 (R.I. 2016) (quoting *State v. Gomez*, 848 A.2d 221, 237 (R.I. 2004)).

The plaintiff has produced no admissible evidence that Pinto's negligently repaired the Freightliner, breached any contract it had with the plaintiff by delivering an unrepaired vehicle, or, alternatively, was unjustly enriched by accepting the plaintiff's money without completing proper repairs. When the defendant filed its motion for summary judgment, it was the plaintiff's burden to produce evidence to show a genuine issue of material fact. Having failed to do so, the hearing justice properly granted summary judgment in the defendant's favor.

**IV**

**Conclusion**

The judgment of the Superior Court is affirmed, and the papers in this case may be returned to that tribunal.

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | John Vicente v. Pinto's Auto & Truck Repair, LLC v. d/b/a Pinto's Truck Repair. |
| **Case Number** | No. 2019-181-Appeal.<br>(PC 15-3174) |
| **Date Opinion Filed** | June 26, 2020 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Melissa A. Long |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Christopher M. Lefebvre, Esq. |
| | For Defendant:<br><br>Stanley F. Pupecki, Esq.<br>Mark P. Dolan, Esq. |

SU-CMS-02A (revised June 2016)