May 22, 2025

William Boggs           :

v.                      :

Johnston Asphalt, LLC.           :


NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

| William Boggs | : |
| v. | : |
| Johnston Asphalt, LLC. | : |

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.**  The plaintiff, William Boggs, appeals from the grant of summary judgment in favor of the defendant, Johnston Asphalt, LLC (Johnston Asphalt).  The judgment granting the defendant's motion for summary judgment was entered on February 27, 2024 in Kent County Superior Court.  The plaintiff timely appealed, arguing that there remained genuine issues of material fact and that summary judgment was therefore improperly granted.  The plaintiff specifically contends that Johnston Asphalt owed a "third-party duty of care" to him and that it is liable for the negligent maintenance of the vehicle that caused him injury.

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be

summarily decided. After considering the written and oral submissions of the parties and after carefully reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.

For the reasons set forth herein, we affirm the February 27, 2024 judgment of the Superior Court.

## I

## Facts and Travel

The underlying facts of this case are largely drawn from plaintiff's complaint, which was filed on December 14, 2017; and, except for some factual aspects relative to plaintiff's claim about potential third-party liability stemming from his contention about piercing the corporate veil, the pertinent facts are undisputed. In his complaint, plaintiff alleges that, on August 9, 2016, in the course of his employment with All States Asphalt, Inc. (All States), while he was involved in the process of "transferring liquid asphalt from a tanker truck to a distribution truck" in Framingham, Massachusetts, he was "sprayed" with liquid asphalt, resulting in burns to his face and body and causing "disfigure[ement] and permanent injuries." As a result of that unfortunate event, plaintiff was transported to Brigham and Women's Hospital in Boston, where he was treated for his injuries.

On August 11, 2016, All States submitted a workers' compensation claim with respect to the August 9 incident. The claim was "accepted as compensable," and

plaintiff was compensated for the medical expenses and lost wages which resulted from the August 9 incident. All States is not a defendant in this action.

The plaintiff's complaint asserted that Johnston Asphalt "was negligent in failing to properly repair, maintain, warn, and/or inspect the distribution truck" and that, as a result of Johnston Asphalt's negligence, plaintiff was injured, causing him to incur medical expenses and suffer lost earning capacity.

In its answer to plaintiff's complaint, Johnston Asphalt contended, *inter alia*, that it was not legally responsible for the actions or inactions that caused plaintiff's injuries. It additionally asserted that, by virtue of the provisions of the Workers' Compensation Act, specifically G.L. 1956 § 28-29-20, plaintiff was barred from obtaining the relief that he sought in his complaint.

On October 5, 2023, Johnston Asphalt filed a motion for summary judgment. In the memorandum filed in support thereof, it stated:

> "Johnston Asphalt is a Rhode Island limited liability company whose sole member, at the time of [plaintiff's] injury, was non-party All States Asphalt, Inc., * * * a foreign corporation registered to do business in Rhode Island. * * * Johnston Asphalt and All States are separate entities, and employees of one are not simultaneously employed by the other."

Johnston Asphalt further stated that it leased to All States a space in property owned by Johnston Asphalt, which space All States used as a repair shop. Johnston Asphalt

- 3 -

added that one Michael Kelly was the sole full-time employee in that repair shop, and it also stated:

> "Kelly's sole duty is as a mechanic servicing All States vehicles that are brought to the [All States] Repair Shop by All States employees. * * * Kelly is not employed by Johnston Asphalt."

Johnston Asphalt also indicated that Mr. Kelly's status as an employee of All States was confirmed by Craig Reed, the Chief Financial Officer of All States, when his deposition was taken by plaintiff.

In moving for summary judgment, Johnston Asphalt argued (1) that plaintiff would not be able to prove either that Johnston Asphalt owed any duty to plaintiff to keep the truck which caused the injury free of defects or that Johnston Asphalt was responsible for or exercised control over the truck; (2) that, even if Johnston Asphalt had such a duty, plaintiff would not be able to prove that it breached the duty; and (3) that plaintiff had not "put forward any evidence of a causal relationship between his injuries [and] a supposed defect on [the truck]." Additionally, Johnston Asphalt contended that it could not be held vicariously liable for any negligence on the part of All States since All States was "statutorily immune" by virtue of the Workers' Compensation Act. The plaintiff filed an objection to Johnston Asphalt's motion for summary judgment.

On February 12, 2024, a hearing was held on Johnston Asphalt's motion for summary judgment, at which time Johnston Asphalt emphasized that it did not owe

a duty in tort to plaintiff and that the truck involved in the August 9, 2016 incident was "owned, operated, serviced, maintained, inspected and used exclusively * * * by the plaintiff's employer, All States Asphalt." Johnston Asphalt further contended that the "only relationship" between the two companies was that All States leased a space in property owned by Johnston Asphalt. It added that no employee of Johnston Asphalt has ever worked on trucks owned by All States and that maintenance of the truck was carried out by employees of All States.

At the February 12 hearing, plaintiff pointed to a copy of a single piece of mail[1] that was sent by a representative of All States to Mr. Kelly at Johnston Asphalt's address; plaintiff contended that that item "create[ed] a question of fact as to whether or not Mr. Kelly was an employee of [All States] or Johnston Asphalt." The plaintiff also contended that "the corporate veil should be shed" because Johnston Asphalt did not "maintain[] corporate appearances."

At a subsequent hearing on February 16, 2024, the hearing justice granted Johnston Asphalt's motion for summary judgment, noting that there was no evidence that Johnston Asphalt "worked on" the truck and that the "evidence established that the only person who worked on the truck was a Mr. Michael Kelly who was an

---

[1] It is not entirely clear from the photographic exhibit in the record whether the item mailed to Mr. Kelly was a letter or a package, but that ambiguity has no bearing on the issues before us.

employee of All States." The hearing justice held that there were "no genuine issues of material fact," and he concluded that it was "clear that Johnston Asphalt owed no duty to plaintiff under the facts and circumstances of this case."

On February 27, 2024, there was an additional hearing to further address the significance of the single piece of mail that was sent by a representative of All States to Mr. Kelly at Johnston Asphalt's address. The hearing justice noted that no evidence had been presented indicating that the sender of the piece of mail believed that Mr. Kelly was an employee of Johnston Asphalt, and he stated that there was no evidence that Mr. Kelly had "anything to do with Johnston Asphalt." Accordingly, the hearing justice reaffirmed his decision to grant summary judgment in favor of Johnston Asphalt. The plaintiff thereafter timely appealed.

**II**

**Issues on Appeal**

On appeal, plaintiff contends that the hearing justice erred in granting defendant's motion for summary judgment. The plaintiff argues that there is a genuine dispute of material fact as to whether Johnston Asphalt owed a duty to plaintiff.

The plaintiff also contends (somewhat opaquely) that, since, according to him, Johnston Asphalt and All States are owned by the same person, the trial court should have pierced the corporate veil so as to reach the owner of those two entities. (It

should be noted that said owner was not named as a defendant in this action.)  In addition, plaintiff also contends, even more opaquely, that the corporate veil of Johnston Asphalt should be pierced because its "corporate organizational formation * * * strips away the immunity sought for the negligent acts of its workers * * *."

## III

### Standard of Review

"This Court reviews the granting of summary judgment *de novo* and applies the same standards as the motion justice." *McAdam v. Grzelczyk*, 911 A.2d 255, 259 (R.I. 2006) (quoting *Andreoni v. Ainsworth*, 898 A.2d 1240, 1241 (R.I. 2006)).  And it is well established that "[s]ummary judgment is appropriate when, after viewing the admissible evidence in the light most favorable to the nonmoving party, no genuine issue of material fact is evident from the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, and the motion justice finds that the moving party is entitled to prevail as a matter of law." *Holley v. Argonaut Holdings, Inc.*, 968 A.2d 271, 274 (R.I. 2009) (internal quotation marks omitted).  We have further stated that "summary judgment should enter 'against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case * * *.'" *Lavoie v. North East Knitting Inc.*, 918 A.2d 225, 228 (R.I. 2007) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  And we have also pointed out that "complete failure of proof concerning

an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* (brackets omitted) (quoting *Celotex*, 477 U.S. at 323).

Further, since this a negligence action, we are aware of the general principle that "issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." *Gliottone v. Ethier*, 870 A.2d 1022, 1028 (R.I. 2005) (quoting *Rogers v. Peabody Coal Co.*, 342 F.2d 749, 751 (6th Cir. 1965)). Significantly, however, that principle is subject to an important exception to the effect that "in the absence of a duty, 'the trier of fact has nothing to consider and a motion for summary judgment must be granted.'" *Holley*, 968 A.2d at 274 (quoting *Banks v. Bowen's Landing Corp.*, 522 A.2d 1222, 1225 (R.I. 1987)); *see also Ouch v. Khea*, 963 A.2d 630, 633 (R.I. 2009). And it is a basic principle that "[w]hether a defendant is under a legal duty in a given case is a question of law." *Holley*, 968 A.2d at 274.

**IV**

**Analysis**

On appeal, plaintiff contends that the hearing justice erred in granting Johnston Asphalt's motion for summary judgment and that there are genuine issues of material fact concerning whether Johnston Asphalt owed plaintiff a duty. He contends that, if Mr. Kelly worked on the vehicle involved in the August 9, 2016 incident, Johnston Asphalt would have owed plaintiff a duty of care. The plaintiff

contends that there is a disputed issue of material fact as to whether Mr. Kelly was an employee of Johnston Asphalt. The plaintiff contends that the above-referenced piece of mail addressed to Mr. Kelly at Johnston Asphalt's address constituted evidence that Johnston Asphalt and All States were not sufficiently separate business entities and had a "lack of true corporate formality." Additionally, plaintiff argues that "genuine issues of material fact exist to establish * * * unity of interest as a basis to pierce the corporate veil of Johnston Asphalt * * *."

Johnston Asphalt contends that it did not owe plaintiff a duty of care. It states that the "uncontradicted evidence" demonstrates that Johnston Asphalt was not the owner of the vehicle at issue, and it further states that there was no evidence presented that any employee of Johnston Asphalt ever repaired the truck. Johnston Asphalt asserts that plaintiff's claim was based on inadmissible hearsay and speculation, and it notes that plaintiff failed to depose "[any] fact witnesses at all * * *."

In order to overcome a motion for summary judgment, the nonmoving party must prove "by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." *Mruk v. Mortgage Electronic Registration Systems, Inc.*, 82 A.3d 527, 532 (R.I. 2013) (quoting *Daniels v. Fluette*, 64 A.3d 302, 304 (R.I. 2013)). It is an affirmative duty of the party opposing summary judgment "to produce

specific evidence demonstrating that summary judgment should be denied." *Estate of Cassiere v. Cassiere*, 246 A.3d 391, 397 (R.I. 2021) (quoting *Brochu v. Santis*, 939 A.2d 449, 452 (R.I. 2008)).

The plaintiff has not submitted any competent evidence to demonstrate that a material issue of fact existed as to whether Mr. Kelly was an employee of Johnston Asphalt when he performed maintenance on the vehicle at issue. The plaintiff points to a single piece of mail having been sent to Mr. Kelly at Johnston Asphalt's address as evidence of his employment by the latter entity, but plaintiff did not submit any evidence indicating that the sender of that piece of mail had reason to believe that Mr. Kelly was an employee of Johnston Asphalt. The proffered evidence falls short of demonstrating that there is a genuine issue of material fact related to Mr. Kelly's employment.

With respect to motions for summary judgment, this Court has specifically stated that "the party who opposes the motion carries the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest on allegations or denials in the pleadings or on conclusions or legal opinions." *Young v. Warwick Rollermagic Skating Center, Inc.*, 973 A.2d 553, 557 (R.I. 2009) (internal quotation marks omitted).

It is thus our view that the hearing justice did not err in finding that plaintiff did not present sufficient evidence to demonstrate that there were genuine issues of

- 10 -

material fact as to the ownership and repair of the truck or as to the employer of Mr. Kelly. Without evidence that Johnston Asphalt owned the truck or that Mr. Kelly worked on the truck as an employee of Johnston Asphalt, the hearing justice determined that Johnston Asphalt "owed no duty" to plaintiff. In reviewing the evidence in the light most favorable to plaintiff as the nonmoving party, we do not discern any genuine issues of material fact relative to plaintiff's contention that Johnston Asphalt owed him any duty in tort. Accordingly, the hearing justice did not err in granting summary judgment in favor of defendant. *See Ouch*, 963 A.2d at 633 ("Only when a party properly overcomes the duty hurdle in a negligence action is he or she entitled to a factual determination on each of the remaining elements: breach, causation, and damages."); *see also Gushlaw v. Milner*, 42 A.3d 1245, 1252 (R.I. 2012) ("Even in the face of tragic consequences, liability for alleged negligent conduct cannot attach to a defendant absent a recognized duty of care.").

Finally, in view of the hearing justice's well-reasoned conclusion that Johnston Asphalt owed no duty to the plaintiff, coupled with the fact that All States is statutorily immune, we perceive no error in the hearing justice's conclusion that there was no basis for resorting to the remedy of piercing the corporate veil.[2] It is

---

[2] We would add that, even assuming *arguendo* that the corporate veil were to be pierced to the extent that the owner of both Johnston Asphalt and All States was to be treated as the employer of the plaintiff, G.L. 1956 § 28-29-20 of the Workers' Compensation Act would still bar the plaintiff from obtaining compensation in addition to that which he received pursuant to said Act.

clear from the record that the plaintiff failed to sustain his burden of demonstrating a need for piercing the corporate veil. *See Doe v. Gelineau*, 732 A.2d 43, 49 (R.I. 1999) ("The burden of proof in corporate-veil-piercing cases rests upon the party asking the court to disregard the corporate entity and impose liability on some other party.").

**V**

**Conclusion**

For the reasons set forth herein, we affirm the judgment of the Superior Court. The record may be returned to that tribunal.



**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | William Boggs v. Johnston Asphalt, LLC |
| **Case Number** | No. 2024-91-Appeal. (KC 17-1266) |
| **Date Opinion Filed** | May 22, 2025 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Brian Van Couyghen |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> Timothy J. Robenhymer, Esq. <br> For Defendant: <br><br> Matthew T. Oliverio, Esq. |