**Supreme Court**

No. 2016-154-Appeal.
(PC 11-586)

James Costantino        :

v.                :

Ford Motor Company et al.     :

# O R D E R

The plaintiff, James Costantino, appeals from a judgment of the Superior Court granting summary judgment in favor of the defendants, Ford Motor Company and Tasca Automotive Group. This appeal came before the Court for oral argument on November 1, 2017, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that the appeal may be decided at this time. For the reasons set forth herein, we affirm the judgment of the Superior Court.

On February 1, 2011, plaintiff filed a *pro se* complaint alleging that defendants were liable for the injuries that he allegedly sustained in a motor vehicle accident on February 7, 2008. The plaintiff alleged that defendants "defectively designed and/or manufactured" the airbags in his 2006 Ford F-150 pickup truck and that, as a result, the airbags failed to deploy at the time of the accident; he further alleged that this purported failure caused him to suffer "a severe head injury."

The defendants twice moved for summary judgment. On July 29, 2013, a justice of the Superior Court denied without prejudice defendants' first joint motion for summary judgment on the basis of the justice's view that defendants' expert had failed to include certain material

- 1 -

information in the affidavit setting forth his expert opinion, which affidavit had been submitted in support of defendants' motion. After expressly acknowledging plaintiff's *pro se* status, the hearing justice explained to plaintiff the nature of his burden in litigation of this sort: "[I]n order to pursue this case you need to have evidence to support your case." He further advised plaintiff that he would need "an expert [witness] to testify on [his] behalf" as well as evidence to rebut the opinion of defendants' expert. Subsequent to this hearing, plaintiff indicated that he had retained an expert witness, one Stephen Benanti.

On December 2, 2015, defendants again jointly moved for summary judgment, and a hearing was conducted as to that motion on April 12, 2016 before a different justice of the Superior Court. In ruling on the December 2 motion, the hearing justice noted that "plaintiff ha[d] not presented any evidence that the air bags were defective" so as to rebut the new affidavit of defendants' expert, which stated that plaintiff's pickup truck had "performed properly in the subject accident and d[id] not exhibit any design or manufacturing defects." The plaintiff averred at the April 12 hearing that his expert, Mr. Benanti, was not able to submit rebuttal evidence with respect to the affidavit of defendants' expert because Ford had "refused to answer [certain] questions." The plaintiff contended that Mr. Benanti would need those questions to be answered so as to be able to prepare his own expert opinion.[1] The hearing justice noted that, despite the fact that he had been provided with "more than sufficient time" within which to conduct discovery, plaintiff had never moved to compel defendants to respond to any questions.[2] Citing the lack of evidence supporting

---

[1]   The record reflects that the "questions" referred to by plaintiff had been filed by plaintiff in the Superior Court on March 7, 2016 in a document entitled "Response."

[2]   Before this Court, plaintiff references Rule 56(f) of the Superior Court Rules of Civil Procedure and argues that the hearing justice should have granted him a continuance so that he might have conducted additional discovery. However, at the April 12, 2016 summary judgment hearing, plaintiff neither moved for a continuance nor submitted an affidavit, as required by Rule

- 2 -

plaintiff's claims, the hearing justice concluded that plaintiff had not demonstrated the existence of a genuine issue of material fact as to whether the airbags were defective and that, therefore, defendants were entitled to judgment as a matter of law. Accordingly, he granted defendants' joint motion for summary judgment.

It is well established that this Court reviews the grant of a motion for summary judgment in a *de novo* manner, applying the same standards and rules as did the hearing justice. *Beauregard v. Gouin*, 66 A.3d 489, 493 (R.I. 2013). It is also a basic principle that "[t]he party opposing summary judgment has a duty to establish that a genuine issue of material fact exists and may not rest solely upon allegations and denials in the pleadings." *CACH, LLC v. Potter*, 154 A.3d 939, 943 (R.I. 2017) (internal quotation marks omitted). We will affirm the trial court's grant of summary judgment "only if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Great American E & S Insurance Co. v. End Zone Pub & Grill of Narragansett, Inc.*, 45 A.3d 571, 574 (R.I. 2012) (internal quotation marks omitted).

After a thorough review of the record, it is clear that the plaintiff failed to submit competent evidence sufficient to raise a genuine issue of material fact as to whether the airbags in his truck were defective. *See Moura v. Mortgage Electronic Registration Systems, Inc.*, 90 A.3d 852, 856 (R.I. 2014). We are aware that the plaintiff has been proceeding *pro se*; however, "[e]ven if a litigant is acting *pro se*, he or she is expected to familiarize himself or herself with the law as well as the rules of procedure." *CACH, LLC*, 154 A.3d at 942 n.3 (internal quotation marks omitted). In the instant case, the plaintiff failed to submit an affidavit from his expert, Mr. Benanti, to rebut the

56(f), explaining why he was unable to present evidence supporting his opposition to defendants' joint motion for summary judgment. Accordingly, plaintiff's argument in regard to Rule 56(f) is not properly before us on appeal.

opinion of the defendants' expert that the airbags in the truck functioned properly on the day of the accident and that their failure to deploy was not due to any defect in the airbags. Moreover, the plaintiff failed to present any other competent evidence that would create a genuine issue of material fact as to whether the airbags were defective. Accordingly, it is our view that the hearing justice did not err in granting summary judgment in favor of the defendants.

For the foregoing reasons, we affirm the Superior Court's grant of summary judgment. The record may be returned to that tribunal.

Entered as an Order of this Court this 22nd day of February, 2018.

By Order,

_____/s/_____
Clerk

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | James Costantino v. Ford Motor Company et al. | |
| **Case Number** | No. 2016-154-Appeal.<br>(PC-11-586) | |
| **Date Order Filed** | February 22, 2018 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer From Lower Court** | Associate Justice Richard A. Licht | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>James Costantino,  Pro Se | |
| | For Defendants:<br><br>Adam A. Larson, Esq.<br>Christopher Howe, Esq. | |