March 23, 2023

**Supreme Court**

No. 2021-276-Appeal.
(PC 19-5924)

Michael G. Meeks                    :

v.                                   :

The Stop & Shop Supermarket          :
    Company, LLC, et al.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Michael G. Meeks      :

v.      :

The Stop & Shop Supermarket      :
   Company, LLC, et al.

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Robinson, for the Court.**  The plaintiff, Michael G. Meeks, appeals from an August 19, 2021 final judgment of the Superior Court, granting summary judgment in favor of the defendant, the Stop & Shop Supermarket Company, LLC (Stop & Shop).[1]  The plaintiff contends before this Court that the hearing justice erred: (1) in holding that no duty in tort existed as to Stop & Shop and in "disregarding" the affidavit of the plaintiff's medical expert; and (2) in denying the plaintiff's motion made pursuant to Rule 56(f) of the Superior Court Rules of Civil Procedure.

---

[1]    We pause to note that the plaintiff's complaint additionally named "John Does, Inc. 1-5" as defendants in this case.  The record indicates that judgment was entered solely in favor of the defendant Stop & Shop, and "John Does, Inc. 1-5" are not named as parties on appeal.

- 1 -

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the Superior Court judgment.

## I

## Facts and Travel

The following facts are gleaned from plaintiff's complaint; Stop & Shop's memorandum in support of its motion for summary judgment; and from the exhibits attached to that memorandum.

This case arises out of an incident in which plaintiff purchased fish at the Stop & Shop supermarket in Bristol, Rhode Island, and allegedly subsequently became ill due to the consumption of fish. On May 23, 2019, plaintiff filed a complaint in Providence County Superior Court alleging one count of negligence against Stop & Shop.

In plaintiff's complaint, he alleged that Stop & Shop had "a duty of care to process, prepare, cook, and sell food free from unreasonably dangerous defects." The plaintiff asserted that Stop & Shop "manufactured, prepared and/or sold the food product which was defective and unsafe" and that said defect "made the food

product unreasonably dangerous." The plaintiff further contended that Stop & Shop breached its alleged duty to him and caused him to incur damages. In due course, Stop & Shop filed an answer, denying that it owed plaintiff a duty and also denying that it had breached any duty, even if there were a duty.

On July 29, 2020, plaintiff was deposed. During that deposition, plaintiff testified that, on June 7, 2016, he handed a Stop & Shop seafood clerk a piece of paper that constituted his fish order, which order called for packages of cod and tuna. He further testified that, after leaving the paper containing his fish order with the clerk, he continued doing his shopping and later returned to the seafood counter to pick up his order. The plaintiff stated that, when he initially handed the clerk the piece of paper, he noticed that the clerk was cutting salmon "on a cutting board with a knife" and that the clerk was wearing gloves.

The plaintiff further testified that, upon returning home after shopping, he proceeded to prepare some of the fish that he had just purchased. He stated that, within twenty minutes of his starting to eat the fish, he began to have an allergic reaction, "beginning with [his] skin turning red, starting to heat up." The plaintiff testified that he then called 911 "because [he] knew what was coming, which was the closing of [his] throat." The plaintiff also testified that, before that event, he had a known allergy to salmon. Significantly, however, he added that he did not inform the employees at Stop & Shop that he was allergic to salmon.

As a result of his call to 911, plaintiff was taken to Rhode Island Hospital, where he was treated for what he characterized as an allergic reaction. Thereafter, plaintiff made an appointment with a doctor specializing in allergies, who conducted an allergy test. The plaintiff testified that the doctor informed him that he should "stay away from all fish, all shellfish, everything." The plaintiff's lab diagnostic report indicated that he had an allergy to cod at a moderate level. The lab report, which was contained within plaintiff's medical records, stated that a moderate level allergy range is 0.70 to 3.49 and that plaintiff's level was 0.96.

On March 4, 2021, Stop & Shop proceeded to file a motion for summary judgment, asserting that summary judgment would be appropriate because there was no basis for a finding that it owed a duty to plaintiff, nor was there any admissible evidence that, if there were a duty owed, Stop & Shop had breached that duty. Stop & Shop further asserted that plaintiff had "knowingly and voluntarily assumed any and all risks."

On April 30, 2021, plaintiff filed an objection to Stop & Shop's motion for summary judgment, although he did not file a memorandum in support of his objection. Several weeks later, on June 16, 2021, plaintiff moved pursuant to Rule 56(f) to continue the hearing on the motion for summary judgment (which hearing was scheduled for June 23, 2021) because, plaintiff argued, Stop & Shop had not responded to his request for the production of documents, thereby causing him to

need additional time to conduct depositions and identify an expert.[2]  Stop & Shop subsequently filed (although not in a timely manner) an objection to plaintiff's Rule 56(f) motion.

A hearing on both the motion for summary judgment and the Rule 56(f) motion commenced on June 23, 2021.  The hearing justice first denied plaintiff's Rule 56(f) motion.  He emphasized that the case was five years old, and he stated to plaintiff's counsel: "[I]f you get involved in a case that's four years old and then you wait nine months to file interrogatories, that's not grounds for me to continue this to conduct discovery * * *."[3]  After initial argument, the hearing justice continued the case so as to allow plaintiff the opportunity to identify an "expert opinion that [the] contamination was caused by salmon out of the gate to begin

---

[2]    A review of the record indicates that plaintiff had not served any requests for the production of documents on Stop & Shop as of the time of his filing the Rule 56(f) motion.  At the June 23, 2021 hearing, plaintiff represented to the hearing justice that he had propounded interrogatories approximately one month prior to the hearing.  At the hearing, Stop & Shop confirmed that, as of that time, plaintiff had only propounded interrogatories, not a request for the production of documents.

[3]    The attorney who represented plaintiff in connection with the motion for summary judgment stated that he had assumed responsibility for the case (as a result of a referral from another attorney) approximately nine months before the hearing on the motion for summary judgment.

Although the hearing justice stated that the instant case was five years old at the time of the hearing, the record indicates that the complaint was actually filed in May of 2019.  However, this chronological inaccuracy is of no consequence to our analysis.

with * * *." The hearing justice stated that, without such an expert opinion, plaintiff would have "no case." The hearing resumed on August 3, 2021, at which time the hearing justice opened the proceedings by noting that plaintiff had filed the expert affidavit of Marc Serota, M.D., although that affidavit had not been notarized.[4]

The hearing justice rendered a bench decision on the motion for summary judgment that same day. He ultimately granted defendant's motion for summary judgment, reasoning that plaintiff had failed to point to any evidence regarding any state or federal regulations that might create a duty for Stop & Shop in these specific circumstances. The hearing justice further noted that, even if the court determined that a duty existed, plaintiff could not "get to the point of connecting * * * [p]laintiff's allergic reaction to even the existence of salmon contamination." He went on to find that there was no reliable and non-speculative evidence upon which a conclusion could be based that "the allergic reaction must have been caused by salmon contamination and not cod." The hearing justice specifically rejected Dr. Serota's affidavit, noting that the affidavit was "based on the beliefs of [plaintiff] and his reported history to the doctor," and he noted that there was nothing "actually connecting a potential salmon contamination, if one existed, to

---

[4] In the course of the August 3, 2021 hearing, plaintiff advised the hearing justice that a notarized affidavit had eventually been filed with the court.

- 6 -

this particular reaction." He determined that, while there might be issues of fact in dispute, there were "no genuine issues of fact in dispute" due to the lack of evidence suggesting that cross-contamination had occurred.

An order entered on August 19, 2021, granting Stop & Shop's motion for summary judgment. On that same day, a separate judgment was entered in favor of Stop & Shop. The plaintiff filed a notice of appeal on August 6, 2021.[5]

## II

## Standard of Review

This Court has made clear that it "reviews the granting of summary judgment *de novo* and applies the same standards as the motion justice." *Belmore v. Petterutti*, 253 A.3d 864, 867 (R.I. 2021) (quoting *Holley v. Argonaut Holdings, Inc.*, 968 A.2d 271, 274 (R.I. 2009)). In addressing a motion for summary judgment, the evidence is to be examined "in a light most favorable to the nonmoving party, and we will affirm the judgment if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (quoting *Ouch v. Khea*, 963 A.2d 630, 632 (R.I. 2009)). This Court has "emphasized that the 'purpose of the summary judgment procedure is

---

[5]     The plaintiff's notice of appeal was prematurely filed; however, this is of no consequence to the instant case. *See, e.g.*, *United Lending Corporation v. City of Providence*, 827 A.2d 626, 631 n.9 (R.I. 2003) (noting that the defendant's premature appeal would not be fatal and that this Court would "treat the appeal as if it had been timely filed after judgment was entered").

issue finding, not issue determination.'" *Id.* (quoting *Walsh v. Lend Lease (US) Construction*, 155 A.3d 1201, 1205 (R.I. 2017)). In conducting our review, we bear in mind that "[s]ummary judgment is an extreme remedy that should be applied cautiously." *Sjogren v. Metropolitan Property and Casualty Insurance Company*, 703 A.2d 608, 610 (R.I. 1997). The "party opposing summary judgment * * * 'bears the burden of proving, by competent evidence, the existence of facts in dispute.'" *Hall v. City of Newport*, 138 A.3d 814, 818 (R.I. 2016) (quoting *Jessup & Conroy, P.C. v. Seguin*, 46 A.3d 835, 838 (R.I. 2012)).

**III**

**Analysis**

**A**

**Duty**

The plaintiff contends that Stop & Shop "created" its own argument to the effect that it owed no legal duty to plaintiff—which argument, plaintiff contends, "does not comport with reality as they are governed by the State of Rhode Island Department of Health, Department of Health and US Federal Code regarding the cross-contamination, and best practices of cutting fish for consumer purchase per [plaintiff's] own testimony * * *." The plaintiff maintains that there is a lack of evidence that Stop & Shop adhered to regulations concerning cross-contamination

and that there is evidence that Stop & Shop "did violate regulations, customs, and laws concerning food safety."

For its part, Stop & Shop argues that plaintiff produced no evidence that it "failed to adhere to regulations, customs, and laws concerning cross-contamination * * *." Stop & Shop avers that there are no requirements—in either Rhode Island's laws or regulations—"that a food worker wash or change out utensils before handling different types of fin-fish (of which both salmon and cod are categorized)."

To establish a claim for negligence, a plaintiff must prove "a legally cognizable duty owed by a defendant to a plaintiff, a breach of that duty, proximate causation between the conduct and the resulting injury, and the actual loss or damage." *Mills v. State Sales, Inc.*, 824 A.2d 461, 467 (R.I. 2003) (quoting *Jenard v. Halpin*, 567 A.2d 368, 370 (R.I. 1989)). While we have more than once "frowned upon the disposition of negligence claims by summary judgment," we have also expressly stated that "the existence of a duty is nonetheless a question of law." *Wyso v. Full Moon Tide, LLC*, 78 A.3d 747, 750 (R.I. 2013). Once a legal duty is established, a plaintiff is generally entitled to factual findings on the remaining elements of a negligence claim. *See Gushlaw v. Milner*, 42 A.3d 1245, 1252 (R.I. 2012). In conducting a duty analysis, "we examine all relevant factors, including the relationship of the parties, the scope and burden of the obligation to

be imposed upon the defendant, public policy considerations, and notions of fairness." *Id.* (internal quotation marks omitted). Importantly, if the hearing justice determines that no such duty exists, "the trier of fact has nothing to consider and a motion for summary judgment must be granted." *Holley v. Argonaut Holdings, Inc.*, 968 A.2d 271, 274 (R.I. 2009) (quoting *Banks v. Bowen's Landing Corp.*, 522 A.2d 1222, 1225 (R.I. 1987)).

We are not persuaded that Stop & Shop owed plaintiff a duty under this particular set of facts. The plaintiff relies on the argument that Stop & Shop failed to adhere to regulations concerning cross-contamination in order to establish that Stop & Shop owed him a duty and subsequently breached that duty. However, plaintiff's argument in this regard is fatally flawed because he did not submit to the Superior Court the purported laws and regulations to which he has alluded.[6] The hearing justice, in determining that no duty existed, stated that "[t]he [p]laintiff has twice in argument argued that there are certain duties contained in either state or federal regulations which are not before the [c]ourt. I don't see them here. I have not seen them in the record." We similarly view plaintiff's failure to provide this

---

[6] On appeal, plaintiff makes reference to the fact that he was denied the ability to conduct a Rule 30(b)(6) deposition of "the person most knowledgeable of [the] Hazard Analysis Critical Control Point Plan as required by the Rhode Island Department of Health." The plaintiff argues that that plan would incorporate procedures "for washing cutting boards and knives after use with food," pursuant to the "FDA Food Code." However, the record is devoid of evidence that Stop & Shop had such a plan or what its contents might be.

- 10 -

Court with any legal authority as fatal. *See McGarry v. Pielech*, 108 A.3d 998, 1005 (R.I. 2015) ("Even when a party has properly preserved its alleged error of law in the lower court, a failure to * * * develop it in its briefs constitutes a waiver of that issue on appeal and in proceedings on remand.").

Quite apart from that fatal shortcoming, we have grave difficulty ascertaining how the facts in the record could provide a basis for finding liability on the part of Stop & Shop. The record does not indicate that plaintiff ever disclosed to Stop & Shop that he had an allergy to salmon, and it is uncontested that he did not remain in the location where he handed his fish order to the clerk so as to be able to observe how his fish order was being prepared. There is no basis for us to rule that the alleged presence of an undisclosed allergy creates the existence of a duty on the part of Stop & Shop to a particular customer. For these reasons, we perceive no error in the hearing justice's ruling as to duty.

Having determined that plaintiff failed to establish the existence of a legal duty on the part of Stop & Shop (a *sine qua non* requirement in the law of negligence), we need not address plaintiff's contention concerning the affidavit of Dr. Serota. *See Grady v. Narragansett Electric Company*, 962 A.2d 34, 42 n.4 (R.I. 2009) (noting this Court's "usual policy of not opining with respect to issues about which we need not opine"); *see also Peter Scotti & Associates, Inc. v. Yurdin*, 276 A.3d 915, 933 n.15 (R.I. 2022).

## B

## Plaintiff's Rule 56(f) Motion

The plaintiff's additional claim of error is that the hearing justice committed reversible error in denying his motion invoking Rule 56(f). The plaintiff asserts that, based upon his Rule 56(f) motion, Dr. Serota's affidavit, and "counsel's statements, as the [plaintiff] demonstrated through his expert's opinion, and through the lack of any affidavit disputing the [plaintiff's] assertions concerning the [defendant's] duties, * * * [he] was entitled to his full responses to discovery and his [Rule] 30(b)(6) depositions of the [d]efendant concerning food safety." Stop & Shop responds to plaintiff's contention by pointing out that plaintiff failed to comply with the affidavit requirement of Rule 56(f).

Rule 56(f) provides:

> "Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Super. R. Civ. P. 56(f).

We have held that "a decision to grant or deny a continuance in accordance with Rule 56(f) * * * is discretionary in nature." *Berard v. HCP, Inc.*, 64 A.3d 1215, 1219 (R.I. 2013). In *Constantino v. Ford Motor Company*, 178 A.3d 310 (R.I. 2018) (mem.), the plaintiff argued that "the hearing justice should have

- 12 -

granted him a continuance so that he might have conducted additional discovery." *Constantino*, 178 A.3d at 312 n.2. We noted that the plaintiff "neither moved for a continuance nor submitted an affidavit, as required by Rule 56(f), explaining why he was unable to present evidence supporting his opposition to" a motion for summary judgment. *Id.* We concluded in that case that the plaintiff's argument regarding Rule 56(f) was not properly before the Court. *Id.* Similarly, in *Berard*, the plaintiff neither filed "an affidavit in opposition to the defendant's motion for summary judgment or an affidavit to substantiate the need for a continuance," nor did she "present a memorandum in support of her objection to the defendant's motion for summary judgment until the morning of the hearing." *Berard*, 64 A.3d at 1220.

We are of the opinion that the plaintiff's argument pertaining to its Rule 56(f) motion is unavailing. As in *Berard*, the plaintiff in the instant case did not file an affidavit explaining why he was unable to present evidence in opposition to Stop & Shop's motion for summary judgment. (The plaintiff also did not file a memorandum in support of his objection to Stop & Shop's motion for summary judgment.) As such, the plaintiff did not comply with the clear language of Rule 56(f) in view of the fact that he failed to file an affidavit accompanying his Rule 56(f) motion. *See Holley*, 968 A.2d at 276 (stating that "Rule 56(f) clearly mandates that the party opposing the motion for summary judgment file affidavits

stating why he or she cannot present facts in opposition to the motion") (internal quotation marks omitted). It is also important to note that the hearing justice, when the motion for summary judgment was first before him, actually did grant the plaintiff one continuance so that he might obtain an affidavit containing "an expert opinion that th[e] contamination was caused by salmon * * *."

For those reasons, it is our view that it was well within the hearing justice's discretion to deny the plaintiff's Rule 56(f) motion.

## IV

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record may be returned to that tribunal.

**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903



**OPINION COVER SHEET**

| | |
|---|---|
| **Title of Case** | Michael G. Meeks v. The Stop & Shop Supermarket Company, LLC, et al. |
| **Case Number** | No. 2021-276-Appeal.<br>(PC 19-5924) |
| **Date Opinion Filed** | March 23, 2023 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Richard D. Raspallo |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Lawrence Almagno, Jr., Esq.<br>For Defendant:<br><br>Stephen P. Cooney, Esq. |