Issued March 7, 2024
Corrected March 13, 2024

**Supreme Court**

No. 2023-89-Appeal.
(PP 09-1820)

Ambrose C. Mendes, Jr., et al.     :

        v.              :

Kirshenbaum & Kirshenbaum Attorneys :
       at Law, Inc.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Ambrose C. Mendes, Jr., et al.      :

v.      :

Kirshenbaum & Kirshenbaum Attorneys :
at Law, Inc.

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

# C O R R E C T E D   O P I N I O N

**Justice Long, for the Court.**  The plaintiff, Ambrose C. Mendes, Jr. (plaintiff or Mr. Mendes), a self-represented litigant,[1] challenges an order and judgment of the Superior Court that approved two Providence Probate Court accountings and closed the estate of his late father, Ambrose Mendes, Sr., as well as a subsequent order that granted opposing counsel's motion for attorneys' fees.[2]  Mr. Mendes argues that the trial justice improperly denied him his right to a jury trial.  For the reasons set forth

---

[1] Mr. Mendes employed the services of someone who identified themselves as a ghostwriter in preparing his legal memoranda.  This Court acknowledges that the practice of ghostwriting may increase self-represented litigants' access to justice, but we limit our approval of this practice to attorneys licensed in the state of Rhode Island. *FIA Card Services, N.A. v. Pichette*, 116 A.3d 770, 783-84 (R.I. 2015). Self-represented litigants must familiarize themselves with the law as well as the rules of procedure. *Costantino v. Ford Motor Company*, 178 A.3d 310, 312 (R.I. 2018).

[2] The order awarding attorneys' fees entered on April 6, 2023; Mr. Mendes's notice of appeal was docketed before this Court on March 20, 2023.

in this opinion, we affirm the order and judgment of the Superior Court approving the accountings and closing the estate but vacate the post-docketing order awarding attorneys' fees.

## Facts and Procedural History

This appeal arises from more than a decade of litigation concerning the administration of Mr. Mendes's father's estate and his longstanding dispute with defendant, Kirshenbaum & Kirshenbaum Attorneys at Law, Inc. (defendant). The factual background of this matter can be found in our prior opinion, *Mendes v. Factor*, 41 A.3d 994 (R.I. 2012); we limit our factual recitation in this matter accordingly. *See Mendes*, 41 A.3d at 996-1000. Mr. Mendes also named Alfred Factor as a defendant in this matter, but Mr. Factor died following remand of this case and is therefore no longer a party. We emphasize the length of time since the inception of this matter, as well as the emotional toll that this dispute has taken on the individuals involved: The decedent died on September 30, 1976, and Mr. Mendes continues to contest matters that the Providence Probate Court addressed in a March 3, 2009 consent order. *Id.* at 997, 998.

Following our 2012 remand of this case to Superior Court, and after a contested hearing, on February 19, 2021, a justice of the Superior Court entered an order assigning this matter to the jury trial calendar. Almost two years later, on January 17, 2023, this case was reached for trial on the challenge to the Providence

Probate Court's approval of two accountings filed in 2008. On the first day of trial, and over Mr. Mendes's objection, a second trial justice decided *sua sponte* not to seat a jury and instead proceeded with a bench trial.

The following day, on January 18, 2023, the trial justice encouraged the parties either to settle this matter or to mediate it and offered to assist in reaching a resolution in an alternative manner. Specifically, the following exchange took place after the trial justice asked Mr. Mendes about his willingness to settle or mediate this matter:

> "MR. AMBROSE MENDES: At this point, Your Honor, anything will help. I mean, we're just trying to come to some kind of conclusion about our losses and why we're here.
>
> "* * *
>
> "THE COURT: But if you're willing to mediate and work with --
>
> "MR. AMBROSE MENDES: I'm willing to listen. I'm willing to mediate, you know, but I'm not, you know, I'm not going to accept like 20, 30,000. That is an insult to us. Offering us some menial figure like that is insulting. Because it's, you know, compared to what we've lost."

After a brief recess, the parties reappeared on the record; disclosed that they had settled; and noted both the terms of the settlement and their acceptability to each

- 3 -

litigant.[3]  After defendant's counsel read the terms of the settlement into the record, the following exchange took place between counsel for defendant; the trial justice; and Mr. Mendes and his family:

> "[DEFENDANT'S COUNSEL]: So I would ask the Court if you could ask the parties involved if they understand that that's essentially what the [settlement] release is going to include before I go to the next phase.
>
> "THE COURT: Is all that okay with you, Mr. Mendes?
>
> "MR. AMBROSE MENDES: Yes.
>
> "THE COURT: Ms. [Madonna] Mendes, is that okay?
>
> "MS. [MADONNA] MENDES: Yes."

After receiving confirmation from both Mr. Mendes and his sister, Madonna Mendes, the trial justice attempted to confirm the terms of the settlement with Victor Mendes, Jr., plaintiff's late brother's son, who participated in the discussion via telephone.  However, because Victor Mendes, Jr. failed to hear the settlement terms over the telephone, defendant's counsel reread the terms on the record a second time;

---

[3] Mr. Mendes originally brought this action along with his siblings, Madonna Mendes and Victor Mendes.  In *Mendes v. Factor*, 41 A.3d 994 (R.I. 2012), this Court affirmed a judgment dismissing Mr. Mendes's siblings' probate appeals and claims. *See Mendes*, 41 A.3d at 1006.  In 2016, Victor and Madonna were permitted to intervene in this case.  However, Mr. Mendes's family members chose not to pursue this matter on appeal.  Additionally, during oral argument before this Court, Mr. Mendes suggested that he had the authority to represent his family members.  However, this Court permits self-represented litigants to advocate only on behalf of themselves. *See Willner v. South County Hospital*, 222 A.3d 1251, 1256 (R.I. 2020).

the trial justice ultimately received Victor Mendes, Jr.'s affirmative consent to the settlement terms. Mr. Mendes did not object to the settlement terms at any point during this proceeding.

Notwithstanding the on-the-record agreement and the entry of an order accepting the two accountings and closing the decedent's estate the following day, Mr. Mendes changed his mind. Specifically, Mr. Mendes asserts that the day after the parties settled in court before the trial justice, he reconsidered his decision, refused to sign any further documentation memorializing the settlement agreement, and instead filed a notice of appeal on February 3, 2023. However, the trial justice subsequently dismissed the notice of appeal, on defendant's motion to strike, based on Mr. Mendes's failure to comply with Article I, Rule 10 of the Supreme Court Rules of Appellate Procedure.

Following entry of the trial justice's order dismissing the appeal, Mr. Mendes filed a second, duplicative notice of appeal on March 8, 2023, that is now before us based on the Superior Court's September 29, 2023 entry of final judgment approving the accountings and closing the estate.[4] This Court docketed Mr. Mendes's appeal on March 20, 2023, but on March 27, 2023, the trial justice heard and granted

---

[4] This Court remanded the case for entry of final judgment by order dated September 21, 2023. We reject counsel for defendant's assertion at oral argument that this appeal constitutes a nullity.

defendant's motion for attorneys' fees, based on Mr. Mendes's decision to contest the in-court settlement agreement.

We consider whether Mr. Mendes has foreclosed his right to pursue the instant appeal based on his on-the-record agreement with defendant before the trial justice on January 18, 2023, and whether the trial justice properly granted defendant's motion for attorneys' fees.

## The January 18, 2023 Agreement

Mr. Mendes asks this Court to review the trial justice's determination that he lacked the right to a jury trial and contests the trial justice's acceptance of the two Providence Probate Court accountings and the closing of the estate. However, prior to evaluating the merits of any challenge to the proceedings below, we must determine whether plaintiff's in-court settlement forestalls such review.

We do not permit litigants to avoid their agreed-upon obligations solely because a party later decides that the agreement no longer serves as the ideal resolution of their dispute. *Ballard v. SVF Foundation*, 181 A.3d 27, 40 (R.I. 2018). Nor do we require the existence of a writing when parties make a stipulation in open court. *O'Donnell v. O'Donnell*, 79 A.3d 815, 821-22 (R.I. 2013); Super. R. Prac. 1.4 ("All agreements of parties or attorneys touching the business of the court shall be in writing, unless orally made or assented to by them in the presence of the court when disposing of such business, or they will be considered of no validity."). Rather,

- 6 -

to form an enforceable agreement, each party to that agreement must possess and manifest an objective intent to be bound by it. *O'Donnell*, 79 A.3d at 820.

Our review of the record reveals that Mr. Mendes's on-the-record agreement before the trial justice on January 18, 2023, demonstrates his manifestation of a specific intent to be bound by the terms that defendant's counsel read into the record. Specifically, in response to the trial justice asking Mr. Mendes whether he approved of the settlement terms between the parties, Mr. Mendes replied by unequivocally stating "Yes."[5] Additionally, we observe that on January 18, 2023, Mr. Mendes not only agreed to these terms when first asked, but he also did not voice any objection, even after defendant's counsel read the terms into the record a second time to ensure that Victor Mendes, Jr. understood and explicitly agreed to them. Moreover, Mr. Mendes made no attempt to set aside the agreement by filing a subsequent motion for relief from judgment or order pursuant to Rule 60 of the Superior Court Rules of Civil Procedure.

As a result, Mr. Mendes's affirmative answer and acquiescence demonstrate his manifestation of an intent to be bound by the in-court settlement agreement, notwithstanding the fact that his conscience would not allow him to sign the written

---

[5] During oral argument before this Court, Mr. Mendes attempted to assert that he did not reach an agreement with defendant before the trial justice. Our review of the previously quoted interaction between Mr. Mendes and the trial justice compels us to reject this belated argument.

settlement agreement on the following day. *O'Donnell*, 79 A.3d at 820. As we have previously explained, this Court's caselaw and Rule 1.4 of the Superior Court Rules of Practice recognize the ability of litigants to reach an oral agreement before a trial justice; we will not invalidate an earlier agreement premised on a litigant's later decision to disavow that same agreement. *Ballard*, 181 A.3d at 40. Mr. Mendes's refusal to sign the subsequent written agreement does not negate his objective manifestation of intent to settle on the record, and the lack of a signed writing does not alter our determination.

Therefore, we determine that the record demonstrates each party's understanding of the nature and consequences of their actions when they affirmatively represented their agreement to settle the case before the trial justice. *See In re McBurney Law Services, Inc.*, 798 A.2d 877, 882 (R.I. 2002) (noting that, absent an agreement between the parties, a stipulation has the attributes of a consent judgment and parties cannot unilaterally set it aside because they no longer wish to remain bound by its terms). Accordingly, we conclude that Mr. Mendes has waived his ability to contest either the trial justice's acceptance of the accountings, the closing of the estate, or the decision to deny Mr. Mendes a jury trial and, therefore, we are not permitted to evaluate them.

We nevertheless acknowledge that Mr. Mendes attempts to justify the representations he made on the record for multiple reasons. Specifically, Mr.

Mendes argues that the trial justice's refusal to try this matter before a jury compelled him to settle and that he therefore had no alternative but to do so. Mr. Mendes also appears to argue that this Court should invalidate the trial court proceedings based on the trial justice's alleged biased and partial behavior favoring defendant. These justifications, such as they are, do not alter our conclusion, however.

Mr. Mendes's primary justification—that he felt compelled to settle based on the trial justice's refusal to grant his request for a jury trial—is unavailing. This Court acknowledges Mr. Mendes's disagreement with the trial justice's decision denying him a jury trial; is keenly aware of his status as a self-represented litigant; and recognizes that Mr. Mendes perceived pressure either to settle this matter or to lose the case before the trial justice who determined, *sua sponte*, that he could not try this years-long dispute before a jury. However, the fact is that, prior to settling this matter in open court, Mr. Mendes retained the ability to appeal the merits of the trial justice's decision to this Court, and thereby to challenge the denial of a jury trial. His decision to settle this matter unfortunately forecloses our review of the denial of a jury trial. *See Costantino v. Ford Motor Company*, 178 A.3d 310, 312 (R.I. 2018) (emphasizing the demanding expectations the law places on self-represented litigants).

This Court does not doubt the sincerity of Mr. Mendes's subjective belief that he had no choice but to settle this matter. Unfortunately, however, this Court must ground its decision based on what Mr. Mendes said in court, on the record before the trial justice, on January 18, 2023. Specifically, Mr. Mendes informed the trial justice of his willingness to entertain settlement options and, rather than preserve what may have constituted a valid objection to his denial of a jury trial, Mr. Mendes explicitly agreed to settle this matter on the record.

Finally, although Mr. Mendes argues in his supplemental memorandum that this Court should invalidate the proceedings below based on the trial justice's unspecified bias and partiality favoring defendant, his generalized allegations of bias and partiality do not provide this Court with a meaningful opportunity to review this argument and, therefore, Mr. Mendes has waived this issue. *See Rhode Island Housing and Mortgage Finance Corporation v. Gordon*, 275 A.3d 559, 567 (R.I. 2022) ("Simply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue.") (brackets omitted) (quoting *Dunn's Corners Fire District v. Westerly Ambulance Corps*, 184 A.3d 230, 235 (R.I. 2018)). Moreover, despite his allegations of judicial bias towards and favorable treatment of defendant, Mr. Mendes neither filed a motion to recuse the trial justice in Superior Court, nor did he file a motion for relief

from judgment. Ultimately, however, Mr. Mendes's on-the-record agreement dooms the issue in any event: we are foreclosed from reviewing any alleged pre-settlement errors.

Accordingly, we uphold the trial justice's order and judgment approving the two Providence Probate Court accountings and closing plaintiff's father's estate.

**Jurisdiction to Award Attorneys' Fees**

Mr. Mendes also asks this Court to invalidate the trial justice's order awarding defendant attorneys' fees. We do so because the trial justice lacked jurisdiction to award attorneys' fees on March 27, 2023.

Article I, Rule 11(f) of the Supreme Court Rules of Appellate Procedure provides that, as soon as an appeal has been docketed in this Court, the lower court is divested of jurisdiction and lacks the authority to act in that case, even though motions may be pending. *See Thompson v. Thompson*, 973 A.2d 499, 513 (R.I. 2009). It is clear from the procedural history of this matter that the trial justice improperly heard and granted defendant's motion for attorneys' fees. We therefore vacate the award of attorneys' fees.

**Conclusion**

Based on the foregoing, we conclude that Mr. Mendes validly settled this matter on January 18, 2023; this Court must credit and uphold the in-court settlement, notwithstanding his subsequent change of heart. Further, we vacate the

- 11 -

trial justice's extra-jurisdictional award of attorneys' fees. Accordingly, we affirm the Superior Court's order and judgment approving the Providence Probate Court accountings and closing Mr. Mendes's father's estate, vacate the trial justice's subsequent decision awarding defendant attorneys' fees, and remand the record in this case.

# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Ambrose C. Mendes, Jr., et al. v. Kirshenbaum & Kirshenbaum Attorneys at Law, Inc. |
| **Case Number** | No. 2023-89-Appeal.<br>(PP 09-1820) |
| **Date Opinion Filed** | March 7, 2024 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Jeffrey A. Lanphear |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Ambrose C. Mendes, Jr., *pro se*<br>For Defendant:<br><br>Joseph F. Penza, Jr., Esq. |